UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE,

                Defendant.

1:23-CV-0945 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Wilfredo Torres, who is appearing *pro se*, filed this action asserting claims under the Freedom of Information Act ("FOIA"). He sues the United States Department of Justice ("DOJ"), and asks the Court to order the DOJ to "[r]elease the [FOIA] data requested." (ECF 2, at 6.) By order dated February 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims under FOIA in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.*

But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

*Id.* at 679.

## BACKGROUND

Plaintiff alleges that he is "erroneously included in the terrorist[] list of the United States

government, and as such[,] [has been] persecuted, tortured, and denied due process of law by the

[c]ourts." (ECF 2, at 8.) He also alleges the following:

> [t]he government of the United States publicly accepts that its own Central
> Intelligence Agency ("CIA"), as enforcers of the Deep State, bombed and
> destroyed the World Trade Center on September 11, 2001 . . . ; slaughtered over
> 3,000 people at [the] front of the federal courthouse; blamed others; massacred
> over 1-million innocent men, women, and children in the Middle East; got both
> political parties to pass the Orwellian Patriot Act which includes a secret and
> omnipotent court called [the] Federal Intelligence Surveillance Court . . . ; assigns

$1 trillion yearly to the military-industrial complex and the fake "war on terror"; and replaced the U.S. Constitution for a police-state.

(*Id.*)

Plaintiff further alleges that in 2015, he wrote letters to former President Barack Obama, former Secretary of State John Kerry, former Attorney General of the United States Loretta Lynch, United States Senators Charles Schumer and Kirsten Gillibrand, and former Congresswoman Carolyn Maloney "denouncing the Deep State-CIA-FBI-COINTELPRO domestic assassinations program and demanding the release of [his] life." (*Id.*) In addition, he alleges that on September 28, 2015, "they retaliated [against him] by ordering CIA-FBI-COINTELPRO agents, assisted by [his] landlord[,] . . . to break [down] the door of [his] apartment and conduct a warrantless raid to kill [him]"; he states that he was not arrested or charged with a crime. (*Id.*)

Plaintiff additionally asserts the following: "Although they called the raid a 'wellness check' related to complaints that [Plaintiff] had made against an illegal coal oven and chimney located 50-feet from [his] window, their real motive was [Plaintiff's] inclusion in the federal terrorist list which targets millions of Americans." (*Id.* at 9.) The same "CIA-FBI-COINTELPRO agents," as well as his landlord, conducted another "warrantless raid" on his apartment on April 28, 2016; during that "raid," he was not charged with a crime, but was handcuffed, "kidnapped," and taken to the Bellevue Hospital Center ("Bellevue"), where he was "tortured, drugged, [and subjected to] invasive medical tests," only to be released one day later "with a fabricated diagnosis of 'delirium.'" (*Id.*)

Plaintiff's apartment was "raided" yet again on October 20, 2018, and still again on December 13, 2018, and Plaintiff was arrested and charged with misdemeanors on both occasions, only to have those charges dismissed days later. (*Id.*)

3

On February 27, 2019, the "CIA-FBI-COINTELPRO agents" "raided" Plaintiff's

apartment once more, arrested him and falsely charged him with a misdemeanor, and twice

brought him in handcuffs and shackles to Bellevue, where he was "tortured," only to be released

two days later. (*Id.* at 10.) The complaining witness with regard to Plaintiff's February 27, 2019,

arrest, Maria Alcazar, "manipulated her . . . 8 year[] old daughter as bait in an unconscionable

and macabre child-endangering sting operation trying to fabricate [Plaintiff as] a pedophil[e]."[1]

(*Id.*)

Plaintiff alleges that on September 15, 2022, he filed a FOIA request with the Federal

Bureau of Investigation ("FBI") in which he requested the release of: "[c]opies of all records,

videos, emails, audios, telephone recordings, and all data about communications of [FBI]

investigators about [Plaintiff] between [January 1, 1995,] and [July 1, 2022,] including records of

the participation of FBI informant Ms. Maria Alcazar. . . ." (*Id.*) Five days later, on September

20, 2022, the FBI denied Plaintiff's FOIA request. On October 14, 2022, Plaintiff filed an

administrative appeal, which the FBI denied on November 10, 2022.

## DISCUSSION

The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, provides members of the

public with a right of access to some information from federal executive agencies. Federal courts

have jurisdiction to enforce this right if a requester can show that "an agency has

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by using only the child's initials. In his complaint, however, Plaintiff reveals the full name of Alcazar's minor daughter. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis. The Court denies Plaintiff's request to have the complaint be fully accessible. (ECF 4.) Plaintiff may access the complaint by requesting to see the physical complaint in the actual physical court file or he may seek electronic access to it by requesting electronic filing privileges.

(1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989). Thus, to state a claim under FOIA, a plaintiff must "allege facts plausibly suggesting that he made a proper FOIA request, [and] that [the agency] '(1) improperly (2) withheld (3) agency records.'" *Checksfield v. IRS*, No. 5:21-CV-1180, 2022 WL 2713499, at *9 (N.D.N.Y. July 13, 2022) (citation omitted); *In re Cunningham*, Nos. 17-CV-7809, 17-CV-7921, 2018 WL 10038795, at *9 (S.D.N.Y. Mar. 22, 2018); *Korinsky v. Godici*, No. 05-CV-2791, 2005 WL 2312886, at *7 (S.D.N.Y. Sept. 22, 2005), *aff'd sub nom.*, *Korinsky v. Dudas*, 227 F. App'x 891 (2d Cir. 2007) (unpublished decision).

A FOIA request must reasonably describe the agency records of interest. *See* 5 U.S.C. § 552(a)(3)(A)(i); *Jabar v. DOJ*, No. 22-226, 2023 WL 2169960, at *3 (2d Cir. Feb. 23, 2023) ("The statute requires that agencies search for and promptly make available records in response to requests that reasonably describe the records sought.")."For requested materials to qualify as agency records, two requirements must be satisfied: (i) an agency must either create or obtain the requested materials, and (ii) the agency must be in control of the requested materials at the time the FOIA request is made." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999) (internal quotation marks and citations omitted).

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process. *See* § 552(a)(6)(A)(i)-(ii); *Sejas v. United States Attorney's Office*, No. 22-CV-9358, 2023 WL 1779642, at *2 (S.D.N.Y. Feb. 3, 2023). The exhaustion requirement allows the targeted agency to correct its own errors, which obviates

unnecessary judicial review. *See Sejas*, 2023 WL 1779642, at *2; *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) (citation omitted); *see generally McKart v. United States*, 395 U.S. 185, 193-94 (1969) (discussing the doctrine of exhaustion of administrative remedies).

> FOIA establishes the following administrative process:
>
> [e]ach agency, upon any request for records . . . shall (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

§ 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6 (applicable FOIA regulations for the DOJ). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days of the date of the adverse determination. § 552(a)(6)(A)(i)(III)(aa).

Here, Plaintiff's allegations are insufficient to suggest that the DOJ has improperly withheld agency records from Plaintiff, as he is required to plead. He merely alleges that the FBI (an agency within Defendant DOJ) denied his initial FOIA request, and then denied his administrative appeal of that initial denial decision. Plaintiff does not allege any facts with respect to the reason(s) why the agency denied his FOIA request, and why such reason(s) do not comply with FOIA. Thus, Plaintiff's allegations are insufficient to state a claim under FOIA against the DOJ. The Court therefore dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court notes that this is not the first time that Plaintiff has brought claims under FOIA against the DOJ in this court. On October 12, 2021, Plaintiff filed a *pro se* action in court against the DOJ, asserting claims under FOIA. *Torres v. DOJ*, 1:21-CV-8427 (S.D.N.Y.) ("*Torres I*") While Plaintiff made allegations in his *Torres I* original complaint, amended complaint, and second amended complaint that are similar to those that he makes in his original complaint in

this action, his FOIA claims in *Torres I* arose from an earlier unsuccessful FOIA request that he made to the DOJ. (ECF 1:21-CV-8427, 2, 6, 8) (*Torres I* complaint, amended complaint, and second amended complaint).

In *Torres I,* by order dated October 25, 2021, the Court noted that Plaintiff's allegations in his original complaint, as they do in the present action, failed to state a claim under FOIA because they did not show that the DOJ improperly withheld agency records; the Court also noted that Plaintiff failed to show that he exhausted administrative remedies, and that some of the relief he sought was broad and vague. (ECF 1:21-CV-8427, 4, at 6-7.) The Court then granted Plaintiff leave to file an amended complaint to state a claim under FOIA. (*See id.* at 7-8.) Plaintiff filed an amended complaint in response to that order. By order dated December 6, 2021, the Court held that Plaintiff had failed to plead facts showing that the DOJ had improperly withheld agency records, and that Plaintiff had failed to plead that he had fully exhausted his administrative remedies. (ECF 1:21-CV-8427, 7, at 5-6.) The Court then granted Plaintiff leave to file a second amended complaint to state a claim under FOIA. (*Id.* at 6-7.) Plaintiff filed a second amended complaint in response to that order. In an order dated February 1, 2022, however, the Court held that, among other defects in his second amended complaint, Plaintiff had not shown that he exhausted administrative remedies, and had not alleged facts showing that the DOJ had improperly withheld agency records. (ECF 1:21-CV-8472, 10, at 6-7.) The Court dismissed *Torres I* for failure to state a claim on which relief may be granted. (*Id.* at 7.) Plaintiff appealed. On July 7, 2022, the United States Court for Appeals for the Second Circuit dismissed his appeal as frivolous. *Torres v. DOJ*, No. 22-362 (2d Cir. July 7, 2022).

The Court recounts the procedural history of *Torres I* to show that Plaintiff is well aware or should be aware of the pleading standard for a claim under FOIA because it was explained to

him in the Court's three abovementioned orders in *Torres I*. (ECF 1:21-CV-8427, 4, 7, 10); *see*

*Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances when a *pro se*

litigant may be charged with knowledge of particular legal requirements). Because Plaintiff is

proceeding *pro se*, however, in an abundance of caution, the Court grants him leave to replead

his claims under FOIA in this action in an amended complaint to be filed within 30 days of the

date of this order.

The Court further notes that, on January 13, 2023, before Plaintiff filed his complaint to

commence this action on February 3, 2023, the Court warned Plaintiff, in an order issued in one

of his other *pro se* actions brought in this court, "that filing repetitive or frivolous litigation in

this court may result in an order barring [him] from filing any new [civil] actions in this court

[IFP] without first seeking permission of the court." *Torres v. The Blackstone Grp.*, ECF 1:23-

CV-0123, 4, at 6 (S.D.N.Y. Jan. 13, 2023) (citing 28 U.S.C. § 1651) (notice of appeal filed Jan.

30, 2203). The Court reiterates that warning, and expands it to include the same consequences if

Plaintiff files a future nonmeritorious civil action under FOIA in this court.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead his

claims under FOIA in an amended complaint to be filed within 30 days of the date of this order.

If Plaintiff fails to file an amended complaint within the time allowed, or fails to show good

cause to excuse such failure, the Court will enter judgment dismissing this action for the reason

set forth in this order.

The Court denies Plaintiff's request that the complaint be made fully accessible. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 1, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

9